UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL HERNANDEZ ORDAZ,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-04503-JLT-HBK (HC)<br>ORDER DIRECTING SUPPLEMENTAL BRIEFING REGARDING DETENTION AUTHORITY PURSUANT TO 8 U.S.C. § 1226(c)(1)(A)<br>FOURTEEN-DAY DEADLINE |

Petitioner, an immigration detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) at the Golden State Annex Detention Facility in McFarland, California, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). Petitioner claims his prolonged detention in immigration custody without a bond hearing violates the due process clause of the Fifth Amendment. (*Id*. at 2).

On July 14, 2026, Respondents filed a motion to dismiss with attached exhibits, including a declaration of deportation officer Rodrigo Juarez, Petitioner's Form I-213, Petitioner's FBI "RAP" Sheet, and conviction documents from the Superior Court of Mendocino County. (Doc. 11-1). According to these documents, Petitioner was convicted of the following crimes:

- On September 23, 2024, convicted of contacting a minor with the intent to have sex in violation of California Penal Code ("CPC") § 288.3(a), and sentenced, *inter alia*, to 180 days in jail;

- On February 27, 2025, convicted of failure to register as a sex offender in violation of CPC § 290(b)/290.018(b), and sentenced to 8 months in jail
- On May 9, 2025, convicted of contacting/communicating with a minor for the purpose of sex, in violation of CPC § 288.3(a)/228(c)(1), and sentenced to 4 months;
- On November 20, 2025, convicted of failure to register as a sex offender with a prior 290 conviction in violation of CPC § 290.011(b)/290.018(b), and sentenced to 1 year and 4 months.

While Respondents' position is that Petitioner is subject to mandatory immigration detention under 8 U.S.C. § 1225(b), the Court believes its analysis would benefit from additional briefing as to an alternative detention authority pursuant 8 U.S.C. § 1226(c)(1)(A), if applicable.[1]

Accordingly, it is hereby ORDERED:

1. Within fourteen (14) days of this Order, Respondents file a supplemental brief detailing whether Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A).
2. Within seven (7) days of Respondents filing, Petitioner may file a response.

Dated: August 19, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

[1] Section 1226(c)(1)(A) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) applies to "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of – a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I).