**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOEL HERNANDEZ ORDAZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-04503 JLT HBK

A-Number: 240-173-832

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Joel Hernandez Ordaz is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. He last entered the United States in 2001 as a child without being inspected, admitted or paroled by an immigration officer. (Doc. 1 at 5; Decl. of DO Juarez, Doc. 11-1 at 2, ¶ 4.) Petitioner has an extensive background of criminal convictions related to sex crimes against minors. On August 3, 2024, Petitioner was arrested in Modesto, California, for arranging a meeting with a minor, in violation of section 288.4(b) of the California Penal Code;

lewd acts with a child 14-15 years old, in violation of section 288(c)(1) of the California Penal Code; harmful matter sent minor with intent to seduce, in violation of section 288.2(a) of the California Penal Code; contacting a minor with intent to have sex, in violation of section 288.3(a) of the California Penal Code; and obstructing a public officer, in violation of section 148(a)(1) of the California Penal Code. (Decl. of DO Juarez, Doc. 11-1 at 2, ¶ 5.) On September 23, 2024, Petitioner was convicted of contacting a minor with intent to have sex, in violation of section 288.3(a) of the California Penal Code. (*Id.*) Petitioner was sentenced to 180 days in jail, two years of probation, and sex offender registration. (*Id.*)

On February 27, 2025, Petitioner was convicted of failure to register as a sex offender, in violation of section 290(b)/290.018(b) of the California Penal Code and was sentenced to 8 months in prison. (*Id.* at ¶ 6; *See also* Exh. 4.) On May 9, 2025, Petitioner was convicted of contacting/communicating with a minor for purpose of sex, in violation of section 288.3(a)/228(c)(1) of the California Penal Code and was sentenced to four months in prison. (*Id.* at ¶ 7; *See also* Exh. 4.) On November 20, 2025, Petitioner was convicted of failing to register as a sex offender with a prior section 290 conviction, in violation of section 290.011(b)/290.018(b) of the California Penal Code, for which he was sentenced to one year and four months. (*Id.* at ¶ 8; *See also* Exh. 4.) Upon his release from state custody, Petitioner was taken into ICE custody on May 12, 2026. (Doc. 11-2.) Petitioner was processed for placement in removal proceedings with an NTA, charging him as being present in the United States without being admitted or paroled, in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (Doc. 11-1.) Petitioner is currently detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On June 11, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1 at 16.) On July 11, 2026, Respondents filed a motion to dismiss, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 11.) On August 20, 2026, the assigned magistrate judge in this case directed Respondents to provide the Court with additional briefing as to an alternative detention authority pursuant 8 U.S.C. § 1226(c)(1)(A) given the

nature of Petitioner's crimes.[1] On September 2, 2026, Respondents averred that immigration courts are the more proper forum to determine whether Petitioner's convictions qualify under a 1226(c) mandatory detention category. (Doc. 14 at 4.) Additionally, Respondents argued that Petitioner failed to exhaust his administrative remedies because he requested a custody redetermination hearing, which was held on August 24, 2026, but withdrew his request without prejudice. (*Id*. at 1-3.; *see also* Exh. A, IJ Order.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their supplemental briefing, Respondents contend that because Petitioner withdrew his request for a custody redetermination, he failed to exhaust his administrative remedies prior to seeking relief in federal court. (Doc. 14 at 1-3.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted

---

[1] Section 1226(c)(1)(A) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) applies to "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of – a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I).

remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the prudential exhaustion requirement should be waived.

**B. Remedy**

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. Moreover, this Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

As such, the Court finds that the appropriate remedy in this case is a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 15, 2026

[signature] Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE